Good morning. If it would please the court, we'd like to reserve three and a half minutes for the rebuttal argument. So I'm just going to get straight to it. When looking at the cases that survived the heck bar and comparing those to the ones that don't, the central distinction is whether there are allegations that some aspect of the incident was unlawful versus some aspect of it being lawful. That is the central distinction that was relied on by Sanders. And in distinguishing the Hooper case, the Sanders court held that Hooper did not help Sanders because in Hooper it was alleged that the plaintiff engaged in multiple obstructive acts, but there was a clear distinction between lawful and unlawful police action. The reason why the Sanders court upheld the heck bar is because in that case, the factual basis for Plaintiff Sanders' plea was based on three distinct acts of resistance that he stipulated to in the preliminary hearing. And he not stipulated though, it's theoretically possible that you have that division where some was lawful, some was unlawful. That's not right. It's the fact that the court essentially found all three had been stipulated to. Exactly. I think the court's hands were tied in that regard because there was a very clear delineation of exactly what three acts of resistance formed the basis. And the plaintiff was not able to show or did not allege that one or more of those was unlawful. Was there an express stipulation as to all three acts or was that inferred from the results of the preliminary hearing, Sanders? It simply says as part of his guilty plea, Sanders stipulated that the factual basis for his conviction encompassed three instances of resistance identified in the preliminary hearing transcript. Justice Bumate distinguished that case from Hooper simply on the grounds that in Hooper, there were allegations of unlawful conduct coupled with allegations of lawful conduct, which is exactly what we have here. So why is the reference to the police report similar here? Just incorporating by reference the police report, which described all the acts of resistance. The police report is not going to encompass all of the allegations that are going to be in the complaint as to the unlawfulness of the actions of Officer Bryce. I direct the court to Yount, the Supreme Court case, Seminole case. In that case, the Supreme Court found that Yount's conviction established culpability during the entire episode. And the Yount court also found that Yount's conviction encompasses admission that he was resisting the officers up until the time that he was shot. May I ask you a question about Yount? I agree that it makes a distinction between acts of resisting arrest versus whether excessive force was used.  But in its discussion of multiple acts of resistance, it actually seems to cut against Mr. Cardenas. It says, first of all, it says that the Court of Appeal is sort of proposing something along the lines of what you're proposing. And they say we find no support in Heck for that notion. And they say it will create perverse effects such that an individual who's only committed one resistant act would be heck barred. But someone who's done multiple would not. And then also says it's up to the defendant when they plead guilty to decide if they want to specifically identify their own factual basis or not. And in a misdemeanor, you don't even have to do that, which is the case here for 148 penal code violations. And then it also says, but you get the benefit by doing this really broad plea because then you won't be criminally liable for anything that happened. But then at the same time, you get this civil benefit. And so why should you have, I mean, they say it would be anomalous to construe the criminal conviction broadly for criminal purposes to shield from further prosecution of any of the events that happened. Get the benefit in a no contest plea, then turn around and use that narrowly to bring in 1983. So can you just address these concerns in this decision?  It would be helpful for me. Those go right to the heart of this case. So why does the Yonk Court allow that claim to proceed? At page 799, it allows that claim to proceed. But let's be specific. They're allowing the excessive force claim to proceed. They're not allowing the slicing up of the different acts of resistance, are they? That's not how I read how they handle the multiple acts of resistance. I agree with you. They say excessive force is different. That's not heck barred. What it says is, and I'll quote the Supreme Court, to the extent that Yonk's 1983 claim alleges that Officer Shrum's use of deadly force was an unjustified and excessive response to Yonk's resistance, that claim is not barred. So what we have is a factual distinction here. Yes, he has admitted to resisting throughout the entire interaction. Yes, he has pled guilty to 148. However, he is also able to say that this aspect of it was not lawful. The idea that a person is resisting arrest does not necessarily encompass the lawfulness of all of the actions that were taken in connection with that arrest. Stanford or both Yonk and Hooper. But you would agree. I'm completely in agreement with you on the excessive force, totally in agreement. But if you look at Yonk doesn't say if there are multiple acts of resistance, you can slice them up and not be heck barred on some and, yes, be heck barred on others. Or at least that's the way I'm looking at pages 480 through 482. And again, I don't want to get into mincing words things. But it doesn't mean that an allegation that excessive force was used during the arrest would be heck barred if it is unlawful. The court concluded that Yonk's criminal conviction encompassed his admission that he was resisting the officers right up until the time that he was shot. Just like my complaint did for Mr. Cardenas. However, to the extent that Yonk's claim alleges that use of deadly force was unjustified and excessive, you see, you can have a continuous arrest where some of the things are lawful and some of the things are not lawful. The idea here is that what is being proposed to the court is that if a defendant says, checks that box, which says that there's a factual basis for the plea based on the police report, he has necessarily admitted the lawfulness of the officer's actions during that entire interaction. That is not what a factual basis plea does. Are you saying that even if the plaintiff in this case admitted that he had pled to all of the things that are alleged in the report, that he could still, without inconsistency, have an excessive force claim because of the degree of force? You don't have to do the slice and dice? What Yonk says is that— I'm asking what your argument here. I understand that Yonk, I mean, if the police turned around and shot him, I could see there's an excessive force claim regardless of whether he resisted arrest or not, and therefore they're not necessarily inconsistent. But is that what you're arguing here? I thought you were arguing that there are temporal slices where he only had to have pled based on the early or one of those and not necessarily to other ones. I'm out of time. I didn't even realize that. Please go ahead and answer the question. Yes. I think Sanders is distinguishable, too. I do. And I'm just, like, I'm confused about where you're—and I agree with you in principle that he could be resisting arrest and be guilty of resisting arrest, but even having done that, the police—that might not justify the police exercise of the degree of force that they used, even though, I mean, you know, excessive force claims, you know, it's the level of threat to immediacy of the action against the police that justifies their use of force. So I can see a distinction there. And that's exactly what I'm saying. In response to the court's question, one continuous transaction can involve multiple acts of resistance. However, you can have a situation where the officer's conduct in one continuous transaction is both lawful and unlawful. And in this case, it's not really distinguishable because what the complaint alleges and what we allege in summary judgment was that at the very end of this incident, Mr. Cardenas was not resisting and he was subjected to an unlawful use of force. These don't necessarily require a temporal distinction. The issue is more—and I didn't say this as good as I could have—is it lawful and is it unlawful? And one continuous chain of events can involve both lawful and unlawful conduct from an officer. So even with the resistance, assuming resistance is what he actually admitted to it, although there is a question there, there could still be an unlawful use of force because it was so excessive in light of the stipulated two resistance, it still violated the Fourth Amendment. Exactly. Yet not every aspect of his resistance was like that. Officer Bryce acted lawfully throughout most of that encounter, but at the end, in this chain of events, it was unlawful. I've gone past my time. Okay. I will give you some minutes, a couple minutes for rebuttal, and let's hear from your friends on the other side. Can't thank you enough. Thank you, Your Honors. Good morning to everyone. My name is Steve DuPel. May it please the Court. Also with me is City Attorney from Santa Maria, Mr. Tom Watson. We together represent the City of Santa Maria and Officer Bryce of the Santa Maria Police Department in this matter. Before I begin, I want to just take a moment and thank the Court and the Court staff and all the folks that are working in this moment of federal shutdown for your efforts. I think the Court has a very difficult job even under normal circumstances, and these aren't normal circumstances. So we thank you on behalf of, I'm sure Mr. Dunn will join me on this, for doing what you need to do to make this happen today. Can I ask you a question? The jury instruction only requires a jury to find at least one act of resistance, and here you have four. So why should Mr. Cardenas be precluded from or heck barred on all four when only one would have sufficed? Thank you, Your Honor. The key to this case is that all of what occurred is recorded in Officer Bryce's report, and Officer Bryce's report was submitted by Mr. Cardenas with his counsel as the factual basis for his subsequent plea of guilty or no contact. But isn't there a problem with that? Because you don't need a factual basis for the misdemeanor. You only need a factual basis for the felony, and Officer Bryce wasn't really the witness on the felony. That was Officer Miller. So why would you have attached the, have the misdemeanor resisting arrest police report be the factual basis for the felony? That was witnessed by another? The plea form is to all three counts. Okay. Count three is the 148, which is the misdemeanor. Count three in the complaint, the court will note, is directly linked to Officer Bryce, not to the Guadalupe office. Right, but the document doesn't say police reports, plural. It says police report. It is for all three counts, and the only police report that would support the 148 is Officer Bryce's report. Well, he wasn't part of the chase, was he? He was not part of the chase. He was the officer that ultimately subdued Mr. Cardenas. Don't you need Mr. Officer Miller's report also to support the other counts? Officer Miller's report presumably supported the other counts in the plea agreement. Right. Which pertain to all three. And this plea was to all three counts, right? Yes. So when it says police report, how do we know which one we're talking about? Well, the only report that would support the plea to count three, which is specifically included in the plea agreement, is Officer Bryce's report. There's no other report that would support that. But how is Officer Bryce's report the factual predicate for the felony, which is what the court needed to find? It's not, Your Honor. Okay, so then that looks like, from the court document, that looks like the only basis for the plea. So I guess I'm unclear. Unless you're saying Officer Bryce's report also sets forth the factual basis for the felony. The same argument that you're posing, Your Honor, could apply in Sanders and could have applied in Brazina. In Sanders, there was a plea to a 148. They used the preliminary hearing transcript. There's no preliminary hearing needed for a misdemeanor. Which makes the situation even less clear. We don't have a transcript because it's not needed. All we have is a checkbox, which simply says, I understand the court may consider the following as proof. I'm not sure what that means. It doesn't stipulate that all facts therein are true, and I admit to it, just may consider. So why couldn't the court consider one of the four, two of the four acts of resistance in supporting the plea? So we would be making assumptions, Your Honor, if we went down that road. Nothing in the record would support that. Well, but the law requires. The record does support. The record requires that necessarily, under heck, necessarily imply inconsistency. And we've held that the record must be, quote, clear, unquote. So maybe you don't like the presumption, but there is sort of a presumption level of proof that's built into the doctrine. It's got to be clear that it necessarily implies an inconsistency between a civil rights verdict and a conviction. The court in Brazino, in affirming this court, in affirming Brazino, found that. And this court in Sanders found that with a preliminary hearing transcript. It would be irreconcilable with those opinions to find otherwise in this, I respectfully submit. Do you think that's a very good practice in general for instead of reciting a factual basis or admitting to a factual basis, just referring generally to a police report or a preliminary hearing transcript? I mean, you don't really know what specifically is the factual basis. It just doesn't strike me as a really good practice. Maybe it's expedient, but it doesn't strike me as the best way to record a specific factual basis for a plea. Your Honor, I've never been a Superior Court judge, so I've never practiced in that environment either. So I really don't know how things work there. I imagine, I can only imagine, it's not part of the record, so I'm just speculating. I haven't been a Superior Court judge either, so. I imagine they have a very, very heavy docket, and they have designed forms to make it as expedient, but as expansive as that expediently will allow. Here, it's really. You're right, because in federal court, we'd never do that. It's different in federal court. I certainly agree. But here we have a situation where they cite in the plea agreement to all three charges, including the 148. And no, they weren't required to make a factual basis or have a factual basis for it, but they in fact did. And they cite to the police report. The only police report. Sorry. But this is still my confusion here. If they cited to Officer Bryce, Officer Bryce just says, Officer Miller confirmed that the driver of the pickup truck was subject to arrest for felony evading in a reckless manner and hit and run. So it doesn't seem like Officer Bryce's report actually observed any of the conduct that led to that felony evading an officer charge. So I don't see how it could be the factual predicate for that charge. It's not. That's my point, Your Honor. It can only provide a factual basis for the 148. Therefore, it is the factual basis for the 148. Okay. I understand that. But this looks like a plea form for all three counts, including the felony. So does that mean that he pled no contest with no factual predicate for the felony, which is the only one that the court actually needed to find a factual basis because they don't have to under state law for the misdemeanor resisting arrest? We have not submitted. I think it is part of the record. The Guadalupe police report also provided the factual predicate for the felony. So there were two police reports. As Judge Wilner indicates in his decision, he didn't find it in any way exceptional that the form refers to police report in the singular when, in fact, there were two police reports necessary to have the factual predicate for the three charges that are part of the plea agreement. So how do we know that what's being referred to here as a police report in the singular and what was used by the court was only those that address the felony counts? And since one is not needed for the misdemeanor 148, that the report addressing the factual circumstances of the resisting arrest, which underpinned the 148, was not part of the police report checked here. I mean, we don't know. Right? There's some ambiguity. You would admit there's some ambiguity there. Your Honor, I would propose to you that if it was only going to refer the felony, the plea agreement would only refer to the felony. The plea agreement refers to all three charges, including the misdemeanor. But you only needed a factual predicate for the felonies. Correct. And the factual predicate were arguably the police report that explained and described the felonious conduct. And one other point on that, if I may. Mr. Cardenas was represented by counsel at the time. If there was a desire to separate the factual basis out and say we're only pleading to the felony with this report as the basis for the felony, that being the Guadalupe report, he had counsel there who could have done that. Okay. But we're drawing inferences now about what counsel could have meant, should have meant, did. I'm not drawing an inference. I'm stating a fact. He was represented by counsel at the time. Okay. Counsel had the opportunity to do that and did not. That's supported by the record. That's not an inference. But you would also concede that the way this box is checked, there's some ambiguity as to what report is actually being relied upon and used by the court to support the plea. I respectfully disagree, Your Honor, because the Bryson report is the only report that provides a factual basis for the 148. And the fact that one was not required is no different than what it was in Sanders and no different than what it was in Brazina. Well, could it be I was a superior court judge? If you look at count three of a felony complaint, it says that the crime of resist, obstruct, delay of peace officer was obstructing a Bryce, a police officer attempting to and discharging the duty of his or her office and employment. So there wouldn't be any confusion that the resisting, obstructing was as to Miller, correct? Because the complaint that he would be pleading to specifically says Bryce is the officer that was obstructing. I'm suggesting that count three was clearly tied only to Bryce, the defendant in this action. And Bryce's report is the only document that would provide a factual basis for that count, which he pled to. Mr. Cardenas pled to and the court accepted. But who used the taser? Officer Bryce, as described in his report, which was the factual basis for the plea. Mr. Dunn, by the way, made reference here for the first time to the Sanders case. You'll recall in his briefs, it's not raised anywhere. And he indicated, I think, for the first time here that his complaint refers to something excessive beyond what's apparently either in his complaint or perhaps in Officer Bryce's report. You'll note Officer Bryce's report specifically describes the circumstances that resulted in him using the taser. And the taser was used to take Mr. Cardenas into custody. My understanding of this case for Mr. Cardenas is that he is claiming that the taser is excessive force. That is this case. And that use of the taser is part of the police report that was the factual basis. So you're saying there's no claim that even if there was deemed a stipulation that all aspects of resisting arrest provided the basis of the plea, that notwithstanding that, that the use of the taser cannot be deemed excessive force as a matter of law? Yes, Your Honor, because it is part of the factual basis of the superior court's conviction of this gentleman. And it would be irreconcilable and contrary to heck for him to be able to proceed with that same claim in support of a 1983 cause of action. Well, the conviction didn't require, didn't necessarily preclude that there was excessive force. I mean, if Officer Bryce had pulled out a gun and shot Mr. Cardenas in an attempt, even if Cardenas did all of the four acts of resistance, at some point there could be excessive force given the amount of resistance. You could still be arrested and charged with a resisting arrest. The fact that the officer then overreacted doesn't undo the charge, does it? Or it could be a Yacht situation. If you recall, Yacht was a weapon confusion case. Mr. Yacht resisted arrest. He was subdued. He was arrested, as far as I could tell, and placed in the back of a patrol car. And it was only after he kicked out one of the windows on the side of the patrol car that he was removed from the patrol car. And the officer, intending to tase him, actually pulled out his revolver, I don't know if it was a revolver, his firearm, and shot him after the fact. Accidentally. I mean, there was no dispute that it was an accidental discharge based upon weapon confusion. Completely separate situation than we have here. You'll also note in Yacht, there was no record as to what the basis for the plea was. Unlike here. Just like there was no record in Hopper or the other cases that Mr. Cardenas is relying upon here. The case that's dispositive in this instance is Sanders. And further reinforced by this court's decision to affirm the Brasino case. Where there's a clear record of what the Superior Court relied upon, what the defendant in the Superior Court presented as the factual basis for his plea. How can you present something and say, this is what happened to the Superior Court, and I'm pleading no for it. And then make the same claim in a federal court in support of a 1983 cause of action. That's contrary to comedy. It's contrary to finality. It's contrary to heck. Thank you. Appreciate your time. Thank you, counsel. Mr. Dunn. Very briefly, and thank you so much for indulging me. I'm going to point the court to Yacht at page 482. Now, in Yacht, it's important to understand that the Supreme Court concluded that his criminal conviction encompassed an admission that he was resisting the officers up until the time that he was shot. A defendant might resist a lawful arrest to which the arresting officers might respond with excessive force to subdue him. The subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt or negate the unlawfulness of the criminal defendant's attempt to resist it. Though occurring in one continuous chain of events, two isolated factual contexts would exist. The first giving rise to criminal liability on the part of the criminal defendant and the second giving rise to civil liability on the part of the arresting officer. That's Yacht at page 482. Yacht conceded that his conviction encompassed everything. It just said that there were two separate things happening, which is the exact same thing the court said in Hooper. I have a question on the plea form. It says, you know, I understand I will be convicted and my no contest plea could be used against me in a civil case. Can you tell me what would that have meant? Well, the issue is, are we saying that any time there's a misdemeanor conviction that that will automatically preclude any excessive force? He can acknowledge that it's going to be used against him, but that doesn't mean. But I'm seeing for the factual predicate, you can specify what the facts are. You don't have to check the box for police report. It has a box that specifically says specify facts. It has a box that says other specifies. So there is a choice here in choosing whether to identify the facts that you want to plead no contender to. And there's an advisement that this plea could be have implications and used against you in a civil case. So I guess how are we to think about that? I don't. I mean, is it sort of playing it all ways like that court discussion of like, okay, I want the broadest practical criminal release for criminal purposes. But then I'm going to have this perverse incentive later of just trying to undo it for civil purposes. Yes. I would stress that notwithstanding those admissions, notwithstanding that acknowledgement, notwithstanding that advisement, he is not pleading to the lawfulness of everything that happened in that report. Otherwise, what essentially it would be is if there's ever anyone that checks that box in any misdemeanor case, once the prosecution can land that conviction, it's going to necessarily invalidate the civil case, which is one of the problems that the Yale court had, because it said that they were trying to stray away from the idea that it says that it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose while forfeiting the right to sue for damages. Put another way, police subduing a suspect could use as much force as they wanted and be shielded from accountability under civil law as long as the prosecutor could get the plaintiff convicted on a charge of resisting. That's Yalt at Page. So, counsel, let me try to understand your argument. Are you conceding that there was a stipulation that Mr. Cardenas engaged in all the acts that are described in the Bryce report, but that nonetheless the use of the taser was excessive force, or are you saying he did not necessarily stipulate to all three or four acts of resistance? I'm saying that the plea agreement does not necessarily imply the invalidity of a 1983 action. In other words… No, I understand that, but in terms of his resistance that's described in the Bryce report, are you conceding that by checking that box he stipulates that those are all four acts that he did were all stipulated to as a basis for the plea? I did so in the lower court, Your Honor, and I think it would be unethical for me to change my tune now. Your argument is more the Yalt argument that notwithstanding that, it was unlawfully – it was over the top to tase him. You gave a great example. What if he had just shot him at the end of that? You know, I represented Steve Yalt. That was me on that case. He just shot him at the end of that. This is really no different. What the courts were struggling with is he did this plea and he took a plea to 148, which encompassed everything, but you had a situation where part of it was lawful and part of it was unlawful. I don't think I could in good faith tell you that Bryce report didn't have something to do with his plea. The problem is that whether you look at Hooper, Hooper says in one continuous chain of events, you could have events that are lawful and unlawful. I'm sorry. Can I ask you a question? So you said you, in the criminal case, did stipulate to all four? Because I thought on the briefing you were contesting the third and fourth act of resistance. And maybe I'm misremembering. I didn't represent Mr. Cardenas in the criminal case. So I'm sorry. When you just said it would be against my ethical duty to say I didn't stipulate to the four, which court were you referring to that you had done that? Was that before Judge Wilmer? Yes. I know that you look at it, De Novo. And I know that you're not relying on that. But I did say that that police report could have been referenced. It may. There's that word may. And that police report, you mean Bryce? Bryce's report. Okay. It may have been referenced. But what I was trying to convince Judge Wilmer of is it's not fatal to his civil claim based on Hooper. Hooper very clearly distinguishes between lawful and unlawful conduct in one continuous chain of events, and that is why Judge Bomette and Sanders distinguished it in saying we could divide Hooper's arrest into separate factual conducts, the lawful police action and the unlawful police action. Well, now I'm sorry. Now I'm more kind of confused because our case law that has allowed cases to go forward and not be heck barred have been because it's been unclear what has been the subject of the prior criminal conviction. But if all four of those acts of resistance were the basis, then I don't think the cases that would allow the heck bar would apply here like Martel. Like Martel where you couldn't tell what was actually the factual basis of the conviction. I mean, I think that's throughout all that line of cases. It's only when you cannot tell what is the basis of the prior conviction that you allow heck bar not to preclude the claim. But if we know what it is, then I don't think any of those line of cases actually helps you. I think that the distinction that the Sanders court relied on was the concept of lawfulness and unlawfulness in one continuous chain of events. In Sanders, there was no allegation that part of these acts that encompassed that plea agreement were lawful and part of them were unlawful. But I thought the turning point in Sanders is that there were three acts of resistance and there was no question that all three of those were part of the criminal conviction. That they were part of the factual basis. That to me is how I view Sanders as having been decided. And then the way I distinguish Martel is Martel you couldn't tell which of the underlying acts were the factual basis for the conviction. But in Sanders there was no question, right? Because it was the whole preliminary hearing transcript and it was stipulated that that was the factual basis. So I guess now I'm more confused. In Sanders it said Hooper does not help Sanders. In Hooper, Hooper engaged in multiple obstructive acts in one continuous transaction. But there was a clear distinction between lawful and unlawful police action. That's why they distinguished. I'm looking at here we cannot separate out which of Sanders' obstructive acts led to his conviction since all of them did. As part of his guilty plea, Sanders stipulated the factual basis for his conviction encompassed the three instances of resistance identified in the preliminary hearing transcript. And the only reason why for Lemus the court found no HECBAR was that there were four acts of resistance and only one of them needed to be the basis for the jury conviction on a 148 charge. And so that's why they said there's no HECBAR because we don't know what the factual basis is. And that was a jury trial in which the jury had four things to choose from. The idea for a misdemeanor conviction as we have here, I just stress that the reason why the Sanders court denied liability was because it was unable to determine, based on the entire factual record, whether any of those three acts were deemed to be unlawful. Whereas here, I have always said that the fourth phase of this incident has been unlawful. And the other three were lawful. And so your case, if this case were to proceed as a 1983 case, it would come to the jury with a stipulation that Cardenas did charge Officer Bryce, came down the stairs and came within whatever was 15 feet or something, right? Because that was recited in the Bryce report. But your argument to the jury would be, nonetheless, tasing him was excessive. In my complaint and in my opposition to summary judgment, what I said in the paragraphs was at the time he was being tased, he was at the top of the stairs and he could go no further. He was contained and not resisting at that time. But I thought the police report said he came down off the stairs toward the officer. And that's in the police report. And if you stipulated to the facts of the police report as being a basis for the plea, that's a fact that is now written in stone for purposes of your 1983 action. That's what I'm asking. Otherwise, you're contesting the police report. This is the heart of all of this litigation. Have I said, because I stipulate that that's a factual basis, have I said that everything contained in that police report represents a lawful police action? Or it was even true.  You're saying that not everything in the police report was true. Exactly. And I think that that's the right that any person that brings a 1983 action has, is you're not going to basically think about- Contesting the report but not contesting the conviction. Yes. That is exactly the distinction. And again, I- You're over, like- I'm so sorry. It's okay. We turned this into an hour hearing. But that's okay. No, it's a very- I agree. I agree. And it's confusing when you stipulate to, like, a whole report or- I also recognize you said that the judge may refer to, not that you're stipulating that this is true. So it's a close case. Difficult. Thank you, counsel, all of you. Cardenas v. City of Santa Maria will be submitted.
judges: WARDLAW, KOH, Chen